Paul M. Belnap, #0279
Andrew D. Wright, #8857
A. Joseph Sano, #9925
STRONG & HANNI
Attorneys for Defendant
3 Triad Center, Suite 500
Salt Lake City, Utah 84180
Telephone: (801) 532-7080
Facsimile: (801) 323-2037

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHIMERA INVESTMENT COMPANY, | ) |
| Plaintiff, | ) |
| vs. | ) **PETITION FOR REMOVAL** |
| STATE FARM FIRE & CASUALTY COMPANY, | ) Judge Tena Campbell<br>DECK TYPE: Civil<br>DATE STAMP: 02/10/2005 @ 16:10:56<br>CASE NUMBER: 2:05CV00114 TC |
| Defendant. | ) |

The defendant State Farm Fire and Casualty Company (hereinafter "State Farm") hereby petitions for removal of the above-entitled action from the Third Judicial District Court of Utah County, State of Utah, to the United States District Court for the District of Utah, Central Division. By this petition, defendant gives notice of the removal of this action. This removal is made pursuant to 28 U.S.C. § 1441 and § 1446 and is proper and appropriate based upon the following:

1. On or about January 21, 2005, defendant was served with a Summons and Complaint in an action entitled <u>Chimera Investment Company v. State Farm Fire & Casualty Company</u>, Civil No. 040927515 in the Third District Court of Salt Lake County, State of Utah. A copy of the Summons and Complaint are attached to this petition as Exhibit "A."

2. The Complaint alleges that the plaintiff is a Utah corporation in good standing and defendant State Farm is a corporation engaged in insurance business, licenced to do business in Utah. Defendant State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois.

3. Removal of this action is proper under 28 U.S.C. § 1441(b) because this court has diversity jurisdiction since the defendant is a foreign corporation and the plaintiff is a Utah corporation. In addition, plaintiffs have alleged damages in excess of $736,889.26, which is in excess of the jurisdictional requirement, plus other general and consequential damages and costs

4. This Notice of Removal is filed within thirty (30) days after receipt of the complaint as required by 28 U.S.C. § 1446(b) and the removal is proper based upon diversity of citizenship of the parties and therefore the requirements of 28 U.S.C. § 1441(a) are met.

DATED this _10_ day of February, 2005.

STRONG & HANNI

By _____
Paul M. Belnap
Andrew D. Wright
A. Joseph Sano
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this __/0__ day of February, 2005, a true and correct copy of the foregoing Petition for Removal was served by the method indicated below, to the following:

| | |
|---|---|
| F. Mark Hansen | (✓) U.S. Mail, Postage Prepaid |
| F. MARK HANSEN, P.C. | ( ) Hand Delivered |
| 431 North 1300 West | ( ) Overnight Mail |
| Salt Lake City, Utah 84116 | ( ) Facsimile |

_____

004409.00755

F. Mark Hansen, Utah Bar #5078
F. Mark Hansen, P.C.
431 North 1300 West
Salt Lake City, Utah 84116
Telephone: (801) 517-3530
Attorney for Plaintiff

## THIRD DISTRICT COURT, STATE OF UTAH
## SALT LAKE COUNTY, SALT LAKE DEPARTMENT

| | |
|---|---|
| CHIMERA INVESTMENT COMPANY,<br><br>            Plaintiff,<br>vs.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>            Defendant. | **SUMMONS**<br><br><br><br><br>Civil No. 040927515<br>Judge Tyrone Medley |

### TO THE DEFENDANT
### STATE FARM FIRE & CASUALTY COMPANY

Served _Chris Bell_
Relationship _AP_
Time _14:00_  Date _1-21-05_
Address ____
Constable Services  _561-4278_

serve registered agent:
Nancy Hofman
10610 S. Jordan Gateway, Suite 300
South Jordan, Utah 84095

YOU ARE HEREBY SUMMONED AND REQUIRED TO FILE WITH THE CLERK OF THIS COURT, 450 SOUTH STATE STREET, SALT LAKE CITY, UTAH 84101, AN ANSWER TO THE ATTACHED COMPLAINT, THE ORIGINAL OF WHICH IS FILED WITH THE COURT, AND TO SERVE UPON PLAINTIFF'S ATTORNEY, F. MARK HANSEN, 431 NORTH 1300 WEST, SALT LAKE CITY, UTAH 84116, A COPY OF YOUR ANSWER WITHIN TWENTY (20) DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT, A COPY OF WHICH IS ATTACHED AND HERE SERVED UPON YOU.

DATED: January 19, 2005.

_Mark Hansen_
Attorney for Chimera Investment Company

1013-p.002



F. Mark Hansen, Utah Bar #5078
F. Mark Hansen, P.C.
431 North 1300 West
Salt Lake City, Utah 84116
Telephone: (801) 517-3530
Attorney for Plaintiff

DISTRICT COURT

04 DEC 28 PM 4: 59

SALT LAKE DEPARTMENT

BY _____
DEPUTY CLERK

## THIRD DISTRICT COURT, STATE OF UTAH
## SALT LAKE COUNTY, SALT LAKE DEPARTMENT

| CHIMERA INVESTMENT COMPANY, | COMPLAINT |
|---|---|
| Plaintiff, vs. | |
| STATE FARM FIRE & CASUALTY COMPANY; Defendant. | Civil No. 040927515<br>Judge Medley |

Plaintiff Chimera Investment Company complains and alleges as follows:

1. Chimera Investment Company (Chimera) is a Utah corporation in good standing.

2. State Farm Fire & Casuality Company (State Farm) is a corporation engaged in the insurance business, licensed to do business in Utah.

3. Jurisdiction and venue are proper in this Court.

4. Chimera is the assignee and real party in interest to claims against the Defendant from Fidelity Funding Company and Coalition Lodge Condominium Association of Unit Owners as further described below.

5. Coalition Lodge Condominium Association of Unit Owners (Coalition) is an association of condominium owners in Summit County, Utah.

6. Fidelity Funding Company (Fidelity) acquired Unit 2 of Coalition Lodge Condominium and thereby became a member of Coalition.

7. Coalition's management committee administered Coalition so as to cause Fidelity an injury with respect to Unit 2.

8. Fidelity sued Coalition and its management committee in <u>Fidelity Funding Company vs. Marguerite Johnson <i>et al.</i></u>, Civil No. 00600335 (Utah Third District Court, Summit County). Fidelity obtained a judgment against all defendants including Coalition in an amount that, including principal, interest, attorney fees, and costs, is as of December 28, 2004 at least $736,889.26, with

- 1 -

interest accruing on $585,425.00 at 7.34% per year, plus post-judgment attorney fees and costs.

9. Coalition had Policy No. 94-BZ-9662-3 with State Farm (the Policy).

10. Coalition and Fidelity were both first-party insureds under the Policy.

11. Fidelity's injury, reduced to judgment, was a covered loss under the Policy.

12. Coalition assigned its claim on the Policy to Fidelity.

13. Fidelity, in its own capacity and as assignee of Coalition, made a claim on the Policy for the covered loss, claim no. 44-U289-085.

14. State Farm denied the claim.

15. State Farm's denial of the claim was a breach of contract.

16. As a result of State Farm's breach, State Farm is liable for the full amount of the Fidelity Judgment.

17. Alternatively, State Farm is liable in a sum certain amount of at least $232,000.00, plus statutory interest from June 15, 2001.

18. Fidelity assigned its claims against State Farm to Chimera, making Chimera the real party in interest to Fidelity's claims against State Farm.

19. Chimera is entitled to judgment against State Farm in the amounts stated above.

WHEREFORE, Chimera prays for relief against State Farm as follows:

1. Judgment in a sum certain principal amount of $736,889.26, with interest accruing on $585,425.00 from December 28, 2004 at 7.34% per year, plus attorney fees and costs; or alternatively in a sum certain principal amount of $232,000.00 plus statutory interest from June 15, 2001; and

2. Such other interest, costs and attorney fees as may be provided by law; and

3. Such other and further relief as the Court deems just and proper.

DATED December 28, 2004.

*[signature]*
Attorney for Chimera Investment Company

1013-p.001

- 2 -

F. Mark Hansen, Utah Bar #5078
F. Mark Hansen, P.C.
431 North 1300 West
Salt Lake City, Utah 84116
Telephone: (801) 517-3530
Attorney for Plaintiff

DISTRICT COURT

04 DEC 28 PM 4:59

SALT LAKE DEPARTMENT

BY_____
DEPUTY CLERK

## THIRD DISTRICT COURT, STATE OF UTAH
## SALT LAKE COUNTY, SALT LAKE DEPARTMENT

| CHIMERA INVESTMENT COMPANY,<br><br>Plaintiff,<br>vs.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>Defendant. | COMPLAINT<br><br><br><br>Civil No. 040927575<br>Judge Medley |
|---|---|

Plaintiff Chimera Investment Company complains and alleges as follows:

1. Chimera Investment Company (Chimera) is a Utah corporation in good standing.

2. State Farm Fire & Casualty Company (State Farm) is a corporation engaged in the insurance business, licensed to do business in Utah.

3. Jurisdiction and venue are proper in this Court.

4. Chimera is the assignee and real party in interest to claims against the Defendant from Fidelity Funding Company and Coalition Lodge Condominium Association of Unit Owners as further described below.

5. Coalition Lodge Condominium Association of Unit Owners (Coalition) is an association of condominium owners in Summit County, Utah.

6. Fidelity Funding Company (Fidelity) acquired Unit 2 of Coalition Lodge Condominium and thereby became a member of Coalition.

7. Coalition's management committee administered Coalition so as to cause Fidelity an injury with respect to Unit 2.

8. Fidelity sued Coalition and its management committee in <u>Fidelity Funding Company vs. Marguerite Johnson et al.</u>, Civil No. 00600335 (Utah Third District Court, Summit County). Fidelity obtained a judgment against all defendants including Coalition in an amount that, including principal, interest, attorney fees, and costs, is as of December 28, 2004 at least $736,889.26, with

- 1 -

interest accruing on $585,425.00 at 7.34% per year, plus post-judgment attorney fees and costs.

9. Coalition had Policy No. 94-BZ-9662-3 with State Farm (the Policy).

10. Coalition and Fidelity were both first-party insureds under the Policy.

11. Fidelity's injury, reduced to judgment, was a covered loss under the Policy.

12. Coalition assigned its claim on the Policy to Fidelity.

13. Fidelity, in its own capacity and as assignee of Coalition, made a claim on the Policy for the covered loss, claim no. 44-U289-085.

14. State Farm denied the claim.

15. State Farm's denial of the claim was a breach of contract.

16. As a result of State Farm's breach, State Farm is liable for the full amount of the Fidelity Judgment.

17. Alternatively, State Farm is liable in a sum certain amount of at least $232,000.00, plus statutory interest from June 15, 2001.

18. Fidelity assigned its claims against State Farm to Chimera, making Chimera the real party in interest to Fidelity's claims against State Farm.

19. Chimera is entitled to judgment against State Farm in the amounts stated above.

WHEREFORE, Chimera prays for relief against State Farm as follows:

1. Judgment in a sum certain principal amount of $736,889.26, with interest accruing on $585,425.00 from December 28, 2004 at 7.34% per year, plus attorney fees and costs; or alternatively in a sum certain principal amount of $232,000.00 plus statutory interest from June 15, 2001; and

2. Such other interest, costs and attorney fees as may be provided by law; and

3. Such other and further relief as the Court deems just and proper.

DATED December 28, 2004.

*[signature]*
Attorney for Chimera Investment Company

1013-p.001

- 2 -